Opinion issued February 6, 2003










     











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00310-CR




TRAVIS EUGENE GRIGGS, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 792922




CONCURRING OPINION
            I concur in the holding of the majority because, as stated in the majority
opinion, the Texas Court of Criminal Appeals held in Rivera v. State, 89 S.W.3d 55,
58-59 (Tex. Crim. App. 2002), “[n]othing in Article 64.03 requires a hearing of any
sort concerning the trial court’s determination of whether a defendant is entitled to
DNA testing.” This court, of course, is bound to follow the statutory construction
enunciated by the Texas Court of Criminal Appeals in Rivera. See, Southwick v.
State, 701 S.W.2d 927, 929 (Tex. App.—Houston [1st Dist.] 1985, no pet.). 
          Accepting the ruling of the Texas Court of Criminal Appeals that the trial court
was not required to conduct “any sort” of hearing before making its determination
under Article 64.03, I also agree with the majority that the appellant had no
constitutional right to be present or to cross-examine witnesses in the Article 64.03
proceeding. 
          Although I join the majority in its holding, I am concerned about the practical
impact of the Rivera court’s statutory construction of Article 64.03. I recognize, as
the concurring opinion in Rivera points out, that Chapter 64 does not prohibit a trial
court from conducting an evidentiary hearing before making an Article 64.03
determination. I also acknowledge that, even in the absence of such a hearing, the
convicted person’s counsel may be some help in preparing the Article 64.01 motion
and, if the trial court denies the motion, in seeking judicial review of the trial court’s
discretionary ruling. But I am concerned that the legislature’s evident intent in
enacting Chapter 64 may be thwarted if trial courts do not afford an adequate
opportunity to convicted persons and their counsel in appropriate cases to make a
meaningful presentation on the issues raised by the statute.                               


 
 
                                                             Frank G. Evans
                                                             Justice